IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:10-cv-00580 JW |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION FOR CORRECTION OF CLERICAL ERROR** |
| v. | |
| DANIEL MOLINA-GUZMAN, | [Docket Item No(s). 17] |
| Defendant(s). | |

On December 13, 2010, Defendant Daniel Molina-Guzman ("Defendant") plead guilty pursuant to a written plea agreement of one count of Illegal Reentry Following Deportation in violation of 8 U.S.C. § 1326. See Docket Item Nos. 13, 14. Defendant was thereafter sentenced to a prison term of 25 months and three years of supervised release. See Docket Item No. 14. Judgment was entered accordingly on December 16, 2010. See Docket Item No. 15.

In the instant motion, Defendant seeks correction of the 25-month sentence imposed by this court's predecessor pursuant to Federal Rule of Criminal Procedure 36. See Docket Item No. 17. Defendant contends that an oversight occurred in that the Judge does not credit him for time served on a federal detainer from September 8, 2010, to January 6, 2011.

Federal Rule of Criminal Procedure 36 provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

1  Rule 36 . . . may not be used to correct judicial errors in sentencing." United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003) (citing United States v. Hovsepian, 307 F.3d 922, 927 (9th Cir. 2002)). "[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence . . . ." United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir. 1985); Kaye, 739 F.2d 488, 490 (9th Cir. 1984) ("[T]he provisions of Rule 36 do not permit a substantive change in the period of incarceration which the defendant must serve."); United States v. Daddino, 5 F.3d 262, 264-65 (7th Cir. 1993) (noting that Rule 36 "does not apply to errors made by the court itself.").

Here, Defendant has not presented any evidence to suggest that the Judgment contains a clerical error. Indeed, the sentence contained in the Judgment is the same sentence agreed upon by the parties in the plea agreement, a document notably silent on the issue of credit for time served. See Docket Item No. 13. Nor has Defendant demonstrated that the terms of the Judgment differ from that pronounced by the court at the sentencing hearing, considering the minute order and the Judgment are consistent. See Docket Item No. 14. Accordingly, having reviewed the pertinent record, the court can only conclude that no error occurred.

It appears that Defendant is actually asking the court to re-calculate his sentence to include a downward departure based on time served on the federal detainer. But as stated above, the court is precluded from doing so under Rule 36 as that would constitute a fundamental change in an otherwise valid sentence. Moreover, it is the Attorney General, through the Bureau of Prisons ("BOP"), who computes the amount of credit due, if any, after taking custody of the sentenced federal offender. United States v. Wilson, 503 U.S. 329, 333 (1992). District courts do not have either jurisdiction or authority to order BOP to provide credit for time served. Id.

Thus, for the reasons previously described, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 15, 2012

EDWARD J. DAVILA
United States District Judge